UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DACIA NAKEMA WARD,           )
                             )
            Plaintiff,       )
                             )
        vs.                  )     Case No. 2:16-cv-00274-WTL-MPB
                             )
JACK TANNER, VIGO COUNTY,    )
                             )
            Defendants.      )

**Entry Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Dacia Nakema Ward, an inmate at Westville Correctional Facility, an Indiana state prison, filed this civil action. The defendants are Jack Tanner and Vigo County.

Ward alleges that he sought and was granted approval by a state court judge to participate in a drug treatment program called Jail Linkage. Ward completed phase one, a six-week program, which is held in the Vigo County jail. However, Ward was denied the opportunity to participate in phase two of the program. Ward alleges that he was denied the opportunity to go to a sober living halfway house called "Freebirds" and complete phase two of the program because he is a sex offender. He asserts that this decision was made by Jack Tanner consistent with Vigo County's policies in violation of Ward's right to equal protection.

The screening Entry issued July 18, 2016, held that these allegations were sufficient to raise an equal protection claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Dkt. No. 6. Section 1983 provides:

1

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. "Equal protection of the laws means that all persons similarly situated should be treated alike." *United States v. Brucker*, 646 F.3d 1012, 1016-17 (7th Cir. 2011) (internal citation omitted).

The defendants deny any wrongdoing. Now before the Court is the motion for summary judgment filed by defendant Jack Tanner. For the reasons explained below, the motion for summary judgment is granted and both defendants are entitled to judgment as a matter of law. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("[W]here one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In this case, Tanner has met that burden through his unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Ward has conceded to Tanner's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(h), of which Ward was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Material Facts

Ward was charged with possession of methamphetamine and possession of paraphernalia in Vigo Superior Court on February 23, 2015, and the court referred Ward for an evaluation at a sober living facility shortly thereafter on March 4, 2015.

Freebirds Solution Center ("Freebirds") is a faith based sober living facility in Terre Haute, Indiana. Jack Tanner, the Director of Operations of Freebirds, evaluated Ward for placement at the facility. Tanner performed a background check and interviewed Ward as part of the evaluation for placement at Freebirds.

Following the evaluation, Ward was accepted for placement at Freebirds and Tanner issued a report to the court confirming Ward's acceptance for placement at Freebirds on April 20, 2015. Tanner submitted the following to the Court:

> To: Whom It may concern          April 20, 2015
>
> Re: Dacia N Ward     84D04 1009 FB 02964
>
>                       84D03 1502 F6 00475
>
> This is to inform whoever concerned that Mr. Ward has been accepted into FSC Sober Living Facility.
>
> We will place Dacia ASAP upon order of the Court of his release and him successfully completing Jail Linkage on April 22, 2015
>
>                                     Jack Tanner
>                                     Operations Director

Dkt. No. 40-3.

A hearing was conducted on Ward's petition for release to Freebirds on May 7, 2015. The court denied Ward's petition for release to a sober living facility. Dkt. No. 40-4.

On July 9, 2015, Ward pleaded guilty to possession of methamphetamine and possession of paraphernalia. Ward was sentenced on August 10, 2015 to two years on the conviction for possession of methamphetamine and one year on the conviction for possession of paraphernalia. The Court ordered the sentences to run concurrently with the first year of the sentence executed and the balance suspended.

Eventually, Ward was released to probation. But, on December 31, 2015, a notice of probation violation was filed. By agreement, Ward admitted to the probation violation on February 18, 2016, and was immediately released from Vigo County Jail and ordered to report to the Adult Probation Department to get in compliance with the terms of his probation.

An amended notice of probation violation was filed on April 19, 2016.[1] Ward admitted to the amended probation violation on October 6, 2016. Ward's probation was revoked on October 31, 2016, and he was ordered to serve the balance of his suspended sentence at the Indiana Department of Correction. Dkt. No. 40-14.

### III. Discussion

Defendant Tanner seeks judgment as a matter of law arguing that he is not liable under 42 U.S.C. § 1983 for violating Ward's equal protection rights. Specifically Tanner argues that he is not a state actor. In addition, it was the state court and not the defendants that denied Ward placement at Freebirds.

The undisputed record reflects that neither Tanner nor Vigo County discriminated against Ward because he is a sex offender. Tanner accepted Ward into Freebirds after a clean background

---

[1] The Court denied Ward's request for another sober living evaluation on August 15, 2016. Dkt. No. 40-11.

check and interview. In other words, Ward was accepted even though Ward identifies himself as a sex offender.

The decision to deny Ward a place at Freebirds was the result of the Vigo Superior Court Judge's decision. It was the state court (not Tanner) that denied Ward's petition for release to a sober living facility following a hearing. The Order issued on May 7, 2015, by the Vigo Superior Court, Division 3, states in relevant part:

> This matter comes before the Court for hearing on Defendant's petition to release to Freebirds Soluton Center, Inc. The Court denies the petition to release to a sober living facility.

Dkt. No. 40-4. There can be no liability on the part of the defendants under these circumstances. The record reflects that the state court and not the defendants were responsible for Ward not being placed in Freebirds or another sober living facility.

### IV. Conclusion

For the reasons explained above, the motion for summary judgment, Dkt. No. 39, is **granted** as to all defendants. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/7/17

Hon. William T. Lawrence, Judge
United States District Court
Distribution: Southern District of Indiana

DACIA NAKEMA WARD
923320
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically registered counsel